Filed 12/10/13  P. v. Martinez CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> JONATHAN MARTINEZ, <br><br> Defendant and Appellant. | D064125 <br><br><br> (Super. Ct. No. SCS259877) |


APPEAL from a judgment of the Superior Court of San Diego County, Edward P. Allard, III, Judge.  Affirmed.

Law Office of Alissa L. Bjerkhoel and Alissa L. Bjerkhoel for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

A jury convicted Jonathan Martinez of possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)).  The court found true one serious/violent felony prior conviction (Pen. Code, § 667, subd. (b)-(i)).

The defense motion to strike the serious/violent felony prior conviction was denied and Martinez was sentenced to a term of 32 months in prison.

Martinez filed a timely notice of appeal.

Counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*) raising possible but not arguable issues.  We offered Martinez the opportunity to file his own brief on appeal, but he has not responded.

STATEMENT OF FACTS

On October 1, 2012, Martinez was staying at an apartment in Imperial Beach which was rented by George Laguna.  Officers of the U.S. Marshal's Fugitive Task Force had gone to the apartment to arrest two other men.  They were admitted to the apartment by Laguna.

Martinez, who was on parole at the time, was searched.  The search revealed a small amount of methamphetamine.

DISCUSSION

As we have previously noted, appellate counsel has filed a brief indicating she is unable to identify any argument for reversal and asks this court to review the record for error as mandated by *Wende, supra*, 25 Cal.3d 436.  Pursuant to *Anders, supra*, 386 U.S. 738, the brief identifies the possible, but not arguable issues:

1.  Whether the trial court abused its discretion in denying the motion to strike the serious/violent felony prior conviction?

2.  Whether imposition of a $280 restitution file violated the ex post facto clause?

2

3.  Whether the trial court erred in denying the motion to suppress evidence on Fourth Amendment grounds?

4.  Whether the court abused its discretion in allowing amendment of the information on the day of trial?

We have reviewed the entire record in accordance with *Wende, supra,* 25 Cal.3d 436 and *Anders, supra,* 386 U.S. 738 and have not found any reasonably arguable appellate issues.  Competent counsel has represented Martinez on appeal.

DISPOSITION

The judgment is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:

NARES, J.

IRION, J.